liTHIBODEAUX, Judge.

MOTION TO DISMISS APPEAL

Defendants-appellees, Sunbelt Lodge, Inc. and CIGNA Insurance Company, have filed a motion to dismiss the appeal filed by Harry P. Stelly, plaintiff-appellant, on the basis of untimeliness.
The judgment dismissing plaintiffs case was signed on November 1, 1995. Notice of the signing of judgment was sent by the Office of Workers’ Compensation on November 1, 1995. Plaintiffs “Motion and Order for Appeal” was filed on January 10, 1996. On the same day, the hearing office signed the order granting plaintiff a devolutive appeal. On February 28, 1996, this court issued an order requiring plaintiff-appellant to show cause, by brief only, why the above captioned appeal should not be dismissed as untimely. On February 29, 1996, defendants-appellees filed the instant motion to dismiss alleging the appeal is untimely.
Defendant-Appellees assert plaintiff-appellant failed to file the motion for appeal within sixty days of the expiration of the delay for applying for a new trial if |2no application for a new trial has been timely filed.
The delay for appealing in the instant case is actually shorter than that suggested by appellees. La.R.S. 23:1310.5 B was amended by 1995 La. Acts No. 348 to read as follows.
The decision of the hearing officer shall be final unless an appeal is made to the appropriate circuit court of appeal. An ap-. peal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall not be entertained in disputes filed under this Chapter.
The 1995 amendment was effective on June 16, 1995. The amendment applies to the instant case as the judgment in the instant case was rendered and signed subsequent to the effective date of the amendment.
Applying La.R.S. 23:1310.5 B, the delay for filing a devolutive appeal is sixty days, and the period commences on the day after notice of judgment is mailed by the Office of Workers’ Compensation. Judgment in the instant case was signed on November 1, 1995. Notice of the signing of the judgment was sent on the same day. The delay for filing a devolutive appeal commenced on November 2, 1995, and expired on January 2, 1996 due to the fact that the 60th day fell on Sunday, December 31, 1995, and Monday, January 1, 1996, was a holiday. The motion for appeal was filed on January 10, 1996. The motion was not timely filed. Accordingly, defendants-appellees’ motion to dismiss the appeal is granted.

MOTION GRANTED. APPEAL IS DISMISSED.